IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| RANDY LEE VANHORN, | * |
| Petitioner, | * |
| vs. | * No. 4:05CV00956 SWW |
| | * Criminal Case: 4:00CR00096 SWW |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

MEMORANDUM OPINION AND ORDER

Petitioner Randy Lee Vanhorn was convicted of mail fraud and money laundering and was sentenced to 71 months of imprisonment and ordered to pay $44,000 in restitution. Vanhorn appealed his conviction and sentence, which were affirmed in part and reversed and remanded for reconsideration of the restitution order. *United States v. Vanhorn,* 296 F.3d 713 (8th Cir. 2002). On remand, the district court ordered that restitution be paid by defendant "on an installment basis in the way the Bureau of Prisons handles this through its Inmate Financial Responsibility Program at the rate of no less than 50% of the funds available to defendant during incarceration." *See* Order filed October 29, 2002 (docket entry 147, 4:00CR00096 SWW). Defendant appealed, arguing the Court abdicated its judicial function under the Mandatory Victims Restitution Act by setting his restitution schedule in accordance with Bureau of Prison policies, and the order was barred by the law of the case doctrine. The Eighth Circuit affirmed. *United States v. Vanhorn,* 344 F.3d 729 (8th Cir. 2003).

Defendant then moved for an order to adjust or eliminate his schedule of restitution payments, arguing that because of his medical condition, he needs to save his money while in prison so that when he gets out he can maintain his expensive drug regimen. The Court denied the motion, finding no material change in defendant's economic circumstances. The Order was affirmed on appeal. *United States v. Vanhorn,* 399 F.3d 884 (8th Cir. 2005).

Now before the Court is a motion filed pursuant to 28 U.S.C. §2255 to which the government has responded. For the reasons stated below, the Court finds the motion should be denied.

For relief under §2255, defendant claims his Sixth Amendment right was violated when the district court ordered him to pay restitution without a jury determination of the amount. He also argues that the restitution order is not "specific," that the restitution order is biased, and that the restitution order is excessive and violates the Eighth Amendment. In addition, defendant claims he may have to forfeit his good time or ask the Court for a longer period of incarceration in order to remain in prison and maintain his medications.

In affirming the Court's order denying defendant's motion to adjust or eliminate his schedule of restitution payments, the Eighth Circuit also addressed a motion defendant had filed. Defendant sought leave to file a supplemental brief in which he argued that the Court violated his Sixth Amendment rights as construed in *United States v. Booker,* ___ U.S.___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by enhancing his sentence and increasing his punishment with restitution payments based upon facts not found by a jury. The Eighth Circuit held the contention was without merit. 399 F.3d 884, 886-87.

The *Booker* decision does not apply to issues on collateral review. *See Never Misses a Shot v. United States,* 2005 WL 1569403 (8th Cir. (S.D.) July 7, 2005)(rule announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings). Thus, the Court finds, as did the Eighth Circuit, that defendant's Sixth Amendment argument is without merit.

Likewise, the Eighth Circuit has already determined that defendant's order of restitution schedule is adequately specific. *See United States v. Vanhorn,* 344 F.3d 729 (8th Cir. 2003). Finally, there is no evidence that the restitution order is biased or excessive.

IT IS THEREFORE ORDERED that the motion to vacate, set aside, or correct sentence be and is hereby denied.[1]

DATED this 28th day of July 2005.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner's motions pursuant to §2255 [docket entries 168 & 169], motion for appointment of counsel [docket entry 170], and motion for order to allow appointed counsel to supplement the record [docket entry 167], filed in Case No. 4:00CR00096 SWW, are denied.